UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-1666-CAS (MAR) | Date:  March 17, 2022 |
| Title:  *Joel Gonzalez v. M. Gutierrez* | |

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE RE:  WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

**I.
BACKGROUND**

On June 13, 2013, Petitioner Joel Gonzalez[1] pleaded guilty to Conspiracy Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a).  ECF Docket No. ("Dkt.") 2 at 1.[2]  Petitioner's plea agreement included an appeal waiver, which encompassed motions made under 28 U.S.C. § 2255.  Gonzales, 2019 WL 6699800, at *2.  On June 9, 2014, the United States District Court for the Eastern District of New York sentenced Petitioner to 204 months imprisonment to run consecutively to any undischarged portion of any State sentence.  Id., at *1; United States v. Gonzales, No. 10-CR-531-12 (BMC), Dkt. 192 at 2 (E.D.N.Y Jun. 16, 2014).

On June 14, 2016, the United States Court of Appeals for the Second Circuit dismissed Petitioner's appeal of his conviction and sentence because Petitioner's plea agreement included a waiver of his appellate rights.  Gonzales, 2019 WL 6699800, at *2 & n.2.

On April 16, 2019, Petitioner filed a Motion to Vacate under § 2255 in the United States District Court for the Eastern District of New York.  Id.; United States v. Gonzales, No. 10-CR-531 (BMC), 2020 U.S. Dist. LEXIS 142316, at *1–2 (E.D.N.Y. Aug. 7, 2020).  The court denied Petitioner's motion and found it to be without merit, untimely, and procedurally barred.  Gonzales, 2019 WL 6699800, at *2.  On June 3, 2020, the Second Circuit dismissed Petitioner's appeal of the district court's denial because Petitioner had failed to move for a certificate of appealability.  Gonzales, 2020 U.S. Dist. LEXIS 142316, at *3.

On July 31, 2020, Petitioner filed a "supplement" with the Eastern District of New York, which the court construed as a motion to amend his prior § 2255 motion to vacate.  Id., at *2–3.

---

[1] The Court's Order reflects the name of the parties as they are listed on the docket.  However, in prior proceedings, other courts have referred to Petitioner as "Joel Gonzales," rather than "Joel Gonzalez."  See United States v. Gonzales, No. 10-CR-0531 (BMC), 2019 WL 6699800, at *1 (E.D.N.Y. Dec. 9, 2019).  The Court will use Petitioner's spelling throughout this Minute Order.

[2] The Court refers to the pagination of the Court's electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:22-cv-1666-CAS (MAR)                                                                     Date:  March 17, 2022

Title:   *Joel Gonzalez v. M. Gutierrez*

The court denied Petitioner's motion and declined to issue a certificate of appealability because Petitioner had not made a "substantial showing of the denial of a constitutional right." Id. (quoting 28 U.S.C. § 2253(c)).

On January 14, 2022, the Second Circuit denied Petitioner's motion for leave to file a successive § 2255 motion and appointment of counsel. United States v. Gonzales, No. 21-2221, Dkt. No. 467 (2d Cir. Jan. 14, 2022). The court concluded that Petitioner had not made a showing that his claims were based on "newly discovered evidence within the meaning of § 2255(h)" and that Petitioner had failed to establish an actual innocence claim. Id.

On February 28, 2022, Petitioner constructively[3] filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently incarcerated at United States Penitentiary Victorville. Id. First, Petitioner argues that the sentencing court wrongly considered the Hobbs Act robbery a "crime of violence." Dkt. 2 at 3–6. Next, Petitioner alleges that he is innocent of the sentencing enhancements applied by the sentencing court and that the government breached its plea agreement by advocating for these enhancements. Id. at 7–11. Lastly, Petitioner maintains that COVID-19 restrictions prevented him from timely moving for reconsideration of the Second Circuit's decision denying Petitioner leave to file a successive § 2255 motion. Id. at 12.

## II.
## DISCUSSION

**A.     28 U.S.C. § 2255 MOTION**

**1.     Applicable law**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under § 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, § 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under § 2255, which "must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000).

There is, however, an exception to this general rule that a § 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of § 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under § 2255 in the sentencing court is "inadequate or ineffective to test the legality of his

---

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-1666-CAS (MAR) | Date:  March 17, 2022 |
| Title:  *Joel Gonzalez v. M. Gutierrez* | |

detention." § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under § 2255's escape hatch in the custodial court "when the prisoner: '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of § 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614 (1998)). With respect to the second prong of § 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**2.     Analysis**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner appears to challenge the legality of his sentence. See Dkt. 1. Petitioner argues that he was improperly sentenced because a Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3). Id. at 6 (citing United States v. Chea, No. 98-CR-20005-1, 2019 WL 5061085, at *1 (N.D. Cal. Oct. 2, 2019)).[4] Further, Petitioner argues that the sentencing court wrongly applied sentencing enhancements for which there was insufficient evidence. Dkt. 2 at 7. Although Petitioner claims that he is innocent of the sentencing enhancements for a discharged firearm and serious bodily injury, he does not maintain that he is factually innocent of the underlying conviction. Id. at 8–9; see Marrero, 682 F.3d at 1992. Thus, Petitioner cannot proceed in this Court, the custodial court, unless § 2255's "escape hatch" provision applies. See Lorentsen, 223 F.3d at 953.

In addition, Petitioner fails to establish that he lacked an unobstructed procedural shot at presenting his claim, and therefore does not appear to meet the second prong of the § 2255 escape hatch. See Alaimalo, 645 F.3d at 1047. Petitioner claims that COVID-19 lockdown restrictions prevented him from accessing the law library and therefore, Petitioner was unable to timely file a motion for reconsideration of the Second Circuit's denial of Petitioner's request to file a successive § 2255 motion. Dkt. 2 at 12. Yet, Petitioner's actual innocence claim had been available to him during his direct appeal and initial § 2255 motion. See Alaimalo, 645 F.3d at 1047.

---

[4] The Ninth Circuit affirmed that Hobbs Act robbery, including an attempted Hobbs Act robbery, is a crime of violence under § 924(c)(3)(A). United States v. Dominguez, 954 F.3d 1251, 1261 (9th Cir. 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-1666-CAS (MAR)                                      Date:  March 17, 2022

Title:     *Joel Gonzalez v. M. Gutierrez*

Thus, the Petition seeking to challenge Petitioner's sentence is a successive § 2255 motion disguised as a § 2241 motion and this Court lacks jurisdiction over the Petition.  See Hernandez, 204 F.3d at 864–65.

### III.
### ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order **no later than twenty-one (21) days** after the date of this Order, **by April 6, 2022**.  In the response, Petitioner must elect one (1) of the following three (3) options:

(1) If Petitioner contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court. Petitioner should attach copies of any documents that support his position.

(2) If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the § 2255 escape hatch, he should clearly explain this in a filing with this Court.  Petitioner should attach copies of any documents that support his position.

(3) If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed **no later than twenty-one (21) days** after the date of this Order.  **The Clerk of Court is instructed to attach a Notice of Dismissal form for Petitioner's convenience**.  The Court advises Petitioner, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or § 2255 motion, those claims may be time-barred, and may be barred as successive.

**The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey Court orders.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | eb |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. |  |
|  | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). |  |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____

is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____ .

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____        _____
*Date*                                                            *Signature of Attorney/Party*

*NOTE:  **F.R.Civ.P. 41(a):** This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*    **F.R.Civ.P. 41(c):** Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*

CV-09 (03/10)        **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)**